UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAVELIN GLOBAL COMMODITIES (UK) LTD, <br><br> Plaintiff, <br><br> v. <br><br> JAMES H. BOOTH, <br><br> Defendant. | Index No. <br><br> **VERIFIED COMPLAINT** |

JAVELIN GLOBAL COMMODITIES (UK) LTD, ("Javelin") alleges for its Verified Complaint against JAMES H. BOOTH as follows:

## PARTIES

1. Plaintiff Javelin is a United Kingdom limited company organized under the laws of England and Wales and having a place of business at 7 Howick Place, London SW1 P1BB, United Kingdom.

2. Upon information and belief, Defendant James H. Booth is an individual who is a citizen and resident of Kentucky, having a business address at 81 Enterprise Dr., Debord, KY 41214.

3. None of the individual partners of Javelin are citizens of Kentucky.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. The Defendant submitted to the personal jurisdiction of this Court, pursuant to the Guaranty Agreement ("Guaranty") dated September 7, 2018.  A true and correct copy of the Guaranty is attached hereto as Exhibit A.  *See* Exhibit A, ¶ 10.

## VENUE

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(3), as Defendant is subject to personal jurisdiction in this district with respect to this action.  *See* Exhibit A, ¶ 10.

7. The Defendant has waived any objection to venue in this State.  *See* Exhibit A, ¶ 10.

## FACTS

8. At the time he entered into the Guaranty, the Defendant was a member of Cambrian Coal LLC ("Cambrian"), a Kentucky limited liability company engaged in the mining of coal.

9. In 2018, Cambrian entered into a Master Coal Purchase and Sale Agreement dated September 7, 2018 ("Master Agreement") with Javelin.  A true and correct copy of the Master Agreement is attached hereto as Exhibit B.  Pursuant to the Master Agreement, Javelin agreed to provide certain financial accommodations and marketing services with respect to certain mines Cambrian owned or operated.

10. Concurrently therewith, Cambrian entered into a Prepaid Purchase Agreement Confirmation dated September 7, 2018 (the "Confirmation") pursuant to which Javelin agreed to purchase in advance and take delivery from Cambrian certain coal. A true and correct copy of the Confirmation is attached hereto as Exhibit C.

11. On or about September 11, 2018, and pursuant to the Confirmation, Javelin prepaid Cambrian $4,000,000 for the coal Cambrian agreed to deliver (the "Pre-Payment Balance").

12. Concurrent with Cambrian's entry into the Master Agreement and the Confirmation and the advance of the Pre-Payment Balance, the Defendant entered into a Guaranty dated September 7, 2018 in favor of and for the benefit of Javelin (the "Guaranty"), guaranteeing the full and prompt payment when due of the Pre-Payment Balance and all other obligations of Cambrian under the Master Agreement and the Confirmation.  *See* Exhibit A, ¶ 1.

13. On March 20, 2019, Javelin and Cambrian entered into a letter agreement (the "Letter Agreement") terminating the Confirmation, acknowledging the then-outstanding balance owing by Cambrian of $2,439,019.95 in respect of the Pre-Payment Balance and $292,168.14 in respect of marketing fees, and agreeing to negotiate a repayment schedule therefor within thirty calendar days from the date of the Letter Agreement (the "Negotiation Period").  A true and correct copy of the Letter Agreement is attached hereto as Exhibit D.

14. The parties failed to negotiate a repayment agreement within the Negotiation Period set out in the Letter Agreement and, accordingly, pursuant to the Letter Agreement, the full amount of the Pre-Payment Balance and marketing fees, plus interest thereon, became due and payable on the next business day within 15 days after the expiration of the Negotiation Period.  *See* Exhibit D at 2, ¶ (v).

15. Cambrian failed to pay the amounts due under the terms of the Letter Agreement as and when they became due.

16. On November 1, 2019, Javelin sent to the Defendant a demand under the Guaranty, demanding full payment of the Obligations (as defined therein) of $2,951,246.17, including the full amount of the Pre-Payment Balance then due of $2,643,720.40 and marketing fees of $307,525.77.  A true and correct copy of the November 1, 2019 demand letter is attached hereto as Exhibit E.

17. As of the date hereof, Defendant has failed to make any payment on account of the Obligations due under the Guaranty.

## CAUSE OF ACTION
## COUNT 1: BREACH OF CONTRACT

18. Javelin repeats and realleges paragraphs 1 through 17 hereof, as if fully set forth herein.

19. The Guaranty reflects and memorializes a valid and enforceable contractual agreement between Javelin and the Defendant.

20. Under the Guaranty, the Defendant absolutely, unconditionally, irrevocably, and jointly and severally guaranteed the full and prompt payment of Cambrian's obligations to Javelin, including Cambrian's full and prompt payment of the Pre-Payment Balance and outstanding marketing fees.

21. Javelin performed all its obligations under the Master Agreement, the Confirmation, the Letter Agreement, and the Guaranty.

22. The Defendant breached the Guaranty by failing and refusing to pay the Obligations due under the Guaranty.

23. By reason of the Defendant's breach and failures to perform under the Guaranty, Javelin has been damaged in an amount not less than $3,281,487.91, inclusive of default interest as of September 8, 2020, comprised of the full amount of the Pre-Payment Balance due of $2,948,798.54 and marketing fees of $332,689.37, plus costs and attorneys' fees due under the Guaranty.

## PRAYER FOR RELIEF

**WHEREFORE**, Javelin requests judgment as follows:

   A. award damages in favor of Javelin of not less than $3,281,487.91, plus interest which continues to accrue thereon at the default rate under the Master Agreement and the Confirmation;

   B. award post-judgment interest thereon;

   C. award costs and attorneys' fees incurred by Javelin in this action as provided under the Guaranty; and

   D. grant Javelin such other and further relief as the Court deems just and proper.

DATED: September 15, 2020.

              Kevin W. Barrett
              BAILEY & GLASSER LLP
              209 Capitol Street
              Charleston, WV 25301

                -and-

              137 Betsy Brown Road
              Port Chester, NY 10573
              T: (304) 345-6555
              F: (304) 342-1110
              kbarrett@baileyglasser.com

              *Attorneys for the Plaintiff*

## VERIFICATION

Spencer Bradley Sloan, being duly sworn, deposes and says that I am a Director of JAVELIN GLOBAL COMMODITIES (UK) LTD and have authorized the filing of this Verified complaint. I have reviewed the allegations made in the foregoing Verified Complaint. As to those allegations of which I have personal knowledge, I believe them to be true. As to those allegations of which I do not have personal knowledge, I rely upon my information and belief and I believe them to be true.



_____
Spencer Bradley Sloan

Sworn to and subscribed before me
this 14th day of September 2020:



_____
Notary Public