UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

JAVELIN GLOBAL COMMODITIES
(UK) LTD.,

        Plaintiff,

-against-                                            20 civ. 7550 (CM)

JAMES H. BOOTH.

        Defendant.

--------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/10/2021

McMahon, J.:

      This is a simple contract case. Plaintiff alleges, and Defendant (who is appearing pro se) admits, that Defendant is the guarantor of certain payments due to Plaintiff from Cambrian Coal Company LLC, a Kentucky limited liability corporation of which Defendant is a member. (Docket #1). Plaintiff sues for payment on the guaranty in the amount of $3.28 million plus interest accruing.

      Although duly served (Docket #6), Defendant failed to answer the complaint until clerk's Certificate of Default issued and a motion for default judgment was filed against him – this despite the fact that, on April 6, 2020 the court had directed that an answer be filed no later than the end of that week, which is to say, by Friday, April 9, 2021 (Docket # 14). Defendant accompanied his six-month-belated answer – in which he admitted every salient fact concerning his affiliation with Cambrian, the contract and his status as guarantor, but alleged either payment or waiver of the right to payment (Docket # 25) -- with a motion to vacate the Clerk's Certificate of Default. His excuse for defaulting: Defendant did not realize that the instruction to "file your answer AT ONCE" was directed to him – or, put otherwise, that he did not realize that he was the "you" in that order. (Docket #26).

      Frankly, I don't buy it. Defendant may have chosen to save money by not hiring an attorney to represent him, but he is a sophisticated businessman, one capable of investing in a significant business venture and agreeing to a guaranty in an amount of multiple millions of dollars. His purely voluntary pro se status does not excuse him from complying with the rules, and the Federal Rules of Civil Procedure make it crystal clear that a document called an Answer is filed by a party known as the Defendant. Fed. R. Civ. P. 12.[1] Mr. Booth is the only defendant in this case. The order to FILE YOUR ANSWER AT ONCE could have been directed to no one else.

---

[1] It is not the job of this court to teach pro se defendants – especially sophisticated ones – the Rules of Civil Procedure; indeed, it is the job of this court to remain scrupulously neutral as between Plaintiff and Defendant, and not to

Moreover, as it clear from the very letter on which the court's memo endorsement directing the immediate filing of an answer appeared (Docket #14), Booth had already obtained two consensual extensions of his time to answer. He was thus fully aware that the Answer was his to file. That being so, the notion that he did not understand that an order to file an answer was directed to him, the Defendant, is utterly incredible.

If Defendant truly did not understand what the words "FILE YOUR ANSWER AT ONCE" the memo endorsement meant, he should have made inquiry of the court. But he simply ignored the memo endorsement. This has cost both Plaintiff and the court time and money.

But while I cannot accept Defendant's excuse for failing to file his answer, the Second Circuit has expressed a preference for adjudication on the merits. So this court is prepared to accept Booth's belated appearance and to grant the motion to vacate his default – but only on the condition that the Defendant pay Plaintiff the cost of preparing and filing the Motion for a Default Judgment. Plaintiff has ten business days from today's date to file with the court an affidavit with supporting time records attesting to the cost of making that motion. The court will assess the proposed fee award for reasonableness and will enter an order directing payment of a specific reasonable amount within ten business days thereafter. Once I am told that the check has cleared, I will enter an order vacating the Defendant's default. If full payment has not cleared within thirty days, I will grant the motion for a default judgment.

Dated: November 10, 2021

_____
U.S.D.J.

BY ECF TO ALL PARTIES

---

intervene or to appear to intervene in favor of one or the other. So if a businessman like Booth decides to represent himself, he has to educate himself about how to be a defendant in a lawsuit.