UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/1/2021

---------------------------------------------------------------x

JAVELIN GLOBAL COMMUNICATIONS
(UK) LTD.,

        Plaintiff,                                20 civ 7550 (CM)

       -against-

JAMES H. BOOTH,

        Defendant.

---------------------------------------------------------------x

## ORDER AWARDING ATTORNEY'S FEES AND DIRECTING PAYMENT

McMahon, J.:

       Reference is made to the court's order of November 10, 2021 (Docket #29), in which the court conditioned the granting of defendant's motion to vacate the default judgment that had been entered against him on the payment of reasonable attorney's fees that the plaintiff incurred in the making of what turned out to be an unnecessary motion for default judgment.

       I now have the fee request from Plaintiff's counsel, in the amount of $23,377.00. The request is unreasonable in several respects.

       First, it includes not only fees incurred in connection with the Motion for Default Judgment, but also in connection with opposing the defendant's Motion to Vacate the Default. But the court's earlier order conditioned the granting of the motion only on fees incurred in connection with the motion for default judgment, not in opposing the Motion to Vacate its prior order. After subtracting the fees incurred in connection with the vacatur motion, the request is reduced to $15,812.

       That number is still too high. The default judgment motion was anything but complicated, yet it occasioned work by no fewer than three attorneys, some of which was plainly duplicative, as can be seen by reading the diary entries. It should not have taken $15,812 in attorney time to file a Clerk's Certificate of Default (a simple matter of filling out a form) and then making a motion to which very little other than the complaint and a brief affidavit attesting to the fact of the default had to be appended.

       I conclude that a reasonable award of fees for the making of that motion is $7,500. I thus condition the entry of an order granting the motion to vacate the default on Mr. Booth's payment

of $7,500 to the plaintiff's law firm, with payment to be received no later than ten business days from today, which is December 15, 2021. If and when I am advised that payment has been received, I will enter an order vacating the default. If payment is not received by counsel by 5 PM on that day, I should be advised, and I will grant the motion for default judgment.

And lest there be any doubt about the matter: Mr. Booth, you are required to pay the plaintiff's lawyers $7,500 by close of business on December 15, 2021, or I will enter a default judgment against you on December 16, 2021.

Dated: December 1, 2021

_____
U.S.D.J.

BY ECF TO ALL PARTIES AND COUNSEL